The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts as those reached by the Deputy Commissioner with some modification but differ in some of the conclusions reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order. The Full Commission reopens the record and receives into evidence the medical report from Dr. James A. Christensen of Santurce, Puerto Rico.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case.
2. The parties are properly before the Industrial Commission.
3. The parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
4. Crum Forster Insurance Company was the carrier on the risk.
5. On or about January 4, 1995, the employee-employer relationship existed between the parties.
6. The plaintiff sustained an injury as a result of a specific traumatic incident to his neck on January 4, 1995.
7. The plaintiff's average weekly wage was $866.00, which yields a maximum compensation rate of $478.00 per week.
8. The issue for determination is to what benefits may the plaintiff be entitled under the Act, as a result of the compensable injury to his neck on January 4, 1995.
9. The parties stipulated fifty-three pages of medical reports into the record.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. On January 4, 1995, the plaintiff was employed as a division manager for Lawn and Garden sales for defendant-employer. As the plaintiff was preparing a shipment, a heavy tractor fell from the pallet, and the plaintiff experienced pain in his neck and right shoulder as he tried to stabilize the tractor.
2. The plaintiff was initially seen at Arboretum Urgent Care, where he was diagnosed with a muscle spasm secondary to cervical strain. The plaintiff was given pain medication, and was subsequently referred to Dr. John Welshofer, an expert in physical medicine and rehabilitation.
3. On January 12, 1995, Dr. Welshofer examined the plaintiff and ordered diagnostic tests. The plaintiff was referred to physical therapy for the severe cervical sprain.
4. A CT scan, performed on March 6, 1995, showed a possible left C7 nerve root compression. After the plaintiff voiced complaints of vision and left-sided symptoms, Dr. Welshofer referred him for a neurological evaluation with Dr. Thomas Fox.
5. The plaintiff resigned his job with the defendant-employer on April 5, 1995 and moved back to Puerto Rico in May of 1995.
6. The plaintiff contacted an adjuster with Crum Forster, regarding additional medical treatment, and was advised that they could not authorize him to seek treatment in Puerto Rico.
7. In June of 1995, the plaintiff sought treatment from Dr. Thomas Poventud Lopez, a physician of his own choosing. The treatment by Dr. Lopez was necessary to effect a cure, give relief or to lessen the period of disability.
8. In September of 1996, the carrier authorized the plaintiff to return to Dr. Welshofer in Charlotte, North Carolina for treatment. The plaintiff was scheduled for nerve root blocks and traveled to Charlotte, but he failed to complete that treatment. Dr. Welshofer has recommended that an MRI be done, but defendants have refused to authorize the testing.
9. The plaintiff was not disabled from work as a result of the injury on January 4, 1995 from the date of the injury through April 5, 1995, when he resigned due to reasons unrelated to the injury.
10. The plaintiff was out of work for three and one-half months after his resignation on April 5, 1995 and his relocation to Puerto Rico. This time out of work was due to economic factors and not as a result of the injury on January 4, 1995.
11. There is no evidence of record that the plaintiff has received a rating for any permanent functional impairment as a result of the compensable injury.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff is not entitled to temporary total disability compensation as a result of the compensable neck injury on January 4, 1995, as he was not disabled from work due to the injury. N.C. Gen. Stat. § 97-28.
2. As a result of the admittedly compensable injury, the plaintiff is entitled to have the defendants pay for medical expenses incurred or to be incurred, including treatment provided by Arboretum Urgent Care, Drs. John Welshofer, Thomas Fox, Thomas Poventud Lopez and James A. Christensen. The approved medical treatment shall also include an MRI if such testing is recommended by Dr. Welshofer and a rating by Dr. Welshofer. N.C. Gen. Stat. §§ 97-2(19), 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The defendants shall pay for medical expenses incurred for the treatment rendered by Arboretum Urgent Care, Drs. John Welshofer, Thomas Fox, Thomas Poventud Lopez and James A. Christensen when bills for the same have been properly submitted for approval pursuant to the procedures adopted by the Industrial Commission. Defendants shall pay for an MRI to be scheduled in Charlotte, North Carolina if such procedure is recommended by Dr. Welshofer.
2. Defendants shall pay the plaintiff's expenses for travel to Charlotte, North Carolina for treatment by Dr. Welshofer, as well as an evaluation by Dr. Welshofer for any permanent functional impairment rating. Defendants are not liable for the expenses incurred by plaintiff for travel to and from the hearing before the Deputy Commissioner.
3. Due to the distance between plaintiff's current place of residence and the treating physician in Charlotte, North Carolina, defendants shall pay for further medical treatment by a Puerto Rican health care provider or alternatively by a health care provider in Florida, so long as such treatment tends to effect a cure, give relief or lessen the period of disability.
4. Defendants shall pay the costs, including the expert witness fee of $180.00 to Dr. John Welshofer.
 ***********
This the ______ day of April 1998.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER
LKM/jth